UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-7378-DMG (AJRx) | Date | April 15, 2024 |
| Title | *Theresa Brooke v. Tsay Jbr LLC* | Page | **1** of **2** |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THE JURY TRIAL IN THIS CASE SHOULD NOT BE CONVERTED TO A COURT TRIAL**

On March 20, 2024, the Court granted in part and denied in part Plaintiff Theresa Brooke's Motion for Summary Judgment ("MSJ"). [Doc. # 35.] Pursuant to the Court's Order, the Parties filed a joint status report detailing their efforts to resolve the remaining issues in this case on March 26, 2024. The Parties informed the Court that Defendant had rejected Brooke's most recent settlement offer and "decided to proceed with the trial of the action to secure a final judgment in order to appeal the Court's ruling on Article III standing." [Doc. # 36 at 2].[1]

This case is currently scheduled for a 2-to-3-day jury trial, set to begin on September 17, 2024. *See* Scheduling and Case Management Order at 18 [Doc. # 23 ("CMO")]. Federal Rule of Civil Procedure 39(a), however, allows the Court to convert the trial in this action from a jury trial to a court trial. *See* Fed. R. Civ. P. 39(a) ("When a jury trial has been demanded under Rule 38 . . . [t]he trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."); *see also Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008) ("A district court may strike a jury demand if the court finds that the issues presented are not entitled to a jury trial.").

The only remaining triable issue in this action is the civil penalty under California's Unruh Act, which is not entitled to a jury trial for the following reasons. First, the Unruh Act does not provide a statutory right to jury trial. *See* Cal. Civ. Code § 52(a) ("[Whoever is in violation of the Unruh Act] is liable for . . . any amount that may be determined by a jury, **or a court sitting without a jury**") (emphasis added); *see also Lutz v. Glendale Union High Sch.*, 403 F.3d 1061 (9th Cir. 2005) (concluding that there was no statutory right to jury trial where the state statute was modeled after a federal statute that did not provide a right to jury trial). Here, the Unruh Act incorporates the Americans with Disabilities Act ("ADA") and provides a state law cause of action

---

[1] Page citations herein refer to the page number inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 23-7378-DMG (AJRx)** | Date | April 15, 2024 |
| Title | ***Theresa Brooke v. Tsay Jbr LLC*** | Page | **2** of **2** |

modeled after the ADA, but Title III of the ADA does not provide a right to a jury trial. *See id.* Accordingly, the Court does not find a statutory right to a jury trial under the Unruh Act where there is none under the ADA.

Further, the Seventh Amendment does not entitle the Parties to a jury trial because the $4,000 civil penalty under the Unruh Act is equitable in nature. *See Tull v. United States*, 481 U.S. 412, 417 (1987); *see also Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1012 ("[A]n award of monetary damages may constitute equitable relief if it is incidental to or intertwined with injunctive relief."). Although the Unruh Act provides for a civil penalty, this monetary relief is only available where there has been a violation of the ADA and is therefore merely incidental to the ADA's injunctive relief. *See Moeller v. Taco Bell Corp.*, 220 F.R.D. 612–13 (N.D. Cal. 2004 (concluding that the requested statutory relief under the Unruh Act was incidental to the injunctive relief under the ADA).

The Parties are hereby **ORDERED TO SHOW CAUSE, by no later than April 22, 2024,** why the Court should not convert the trial in this action to a court trial. The Parties are also **ORDERED** to complete their mandatory ADR proceeding by no later than **July 5, 2024** and file a further joint status report re settlement by no later than **July 12, 2024**. This Order supersedes the ADR deadlines set forth in the Court's CMO and Order/Referral to ADR. [Doc. ## 23, 24.]

**IT IS SO ORDERED.**